# PROVIDENCE COUNTY.

## THIRD NATIONAL BANK *vs.* EDWIN G. ANGELL *et als.*

In an action of debt against stockholders, under Pub. Stat. R. I. cap. 155, § 22, to recover the amount of a judgment against a corporation which had not filed the certificate required by Pub. Stat. R. I. cap. 155, § 11, a plea in abatement for the non-joinder of other stockholders is demurrable unless it negatives a payment by each of such other stockholders, in addition to the par value of his shares paid up in full, towards the debts and obligations of the corporation, an amount equal to the par value of his shares,—that being the limit of his liability under Pub. Stat. R. I. cap. 155, § 13.

The corporation is not a necessary party to an action of debt against the stockholders brought under Pub. Stat. R. I. cap. 155, § 22.

Defects in a writ can only be taken advantage of by plea in abatement.

A declaration in debt on a judgment which sets out the judgment under a "whereas," is defective only in a matter of form, and is good on general demurrer.

The holder of a negotiable note, regularly transferred to him, is *prima facie* the owner of it, and may sue thereon without being required to give any further evidence, until it is shown that the note was never delivered by the maker, or that it was obtained from him by some undue means.

Hence, where a declaration avers that a note was regularly transferred to the plaintiff, a plea in bar alleging merely that the plaintiff was not a *bona fide* holder for value, without any averment to the effect that the note was never delivered by the maker, or that it was obtained from him by fraud, theft, duress or other undue means, or any other facts which would devolve upon the plaintiff the burden of proving that he is a *bona fide* holder for value, is demurrable.

DEBT ON JUDGMENT brought under Pub. Stat. R. I. cap. 155, § 22. On defendants' demurrer to the declaration and plaintiff's demurrer to defendants' pleas in abatement and in bar.

*January* 23, 1892. MATTESON, C. J. At the April Term, 1890, of this court, the plaintiff recovered judgment against the Providence Press Company, a corporation created by the General Assembly of this State and located and doing business in Providence, in an action of *assumpsit* on certain

promissory notes made by that corporation. The plaintiff now seeks by the present suit to recover the amount of the judgment so obtained against the Providence Press Company from the defendants as stockholders in the company. The action is debt on the judgment, and is brought under Pub. Stat. R. I. cap. 155, § 22, which is as follows:

"All proceedings to enforce the liability of a stockholder for the debts of a corporation shall be either by suit in equity, conducted according to the practice and course of equity, or by an action of debt upon the judgment obtained against such corporation, and in any such suit or action such stockholder may contest the validity of the claim upon which the judgment against such corporation was obtained, upon any ground upon which such corporation could have contested the same in the action in which such judgment was recovered."

The corporation did not comply with the requirement of Pub. Stat. R. I. cap. 155, § 11, as follows:

"Every manufacturing company included within the provisions of this chapter shall file in the office of the town clerk of the town where the manufactory is established annually on or before the fifteenth day of February a certificate signed by a majority of the directors, truly stating the amount of its capital stock actually paid in, the value as last assessed for town tax of its real estate, the value of its personal assets and the amount of its debts or liabilities on the thirty-first day of December of the year next preceding."

Section 12 of the same chapter provides:

"If any of such companies shall fail so to do, all the stockholders of such company shall be jointly and severally liable for all the debts of the company then existing and for all that shall be contracted before such notice shall be given, except as hereinafter provided, unless such company shall have become insolvent and assigned its property in trust for the benefit of its creditors, in which case the obligation to give such notice by the filing of such certificate shall cease."

Section 13 limits the liability of members of an incorporated manufacturing company provided by §§ 1 and 12 and under other statutory provisions, for the debts of such company or

for obligations hereafter incurred, to the shares of such members in such corporation paid up to the par value thereof; and if the corporation shall fail to file the certificate required to be filed by § 11, provides that such members shall be liable for said debts and obligations in an additional amount up to but not exceeding the said par value of their shares.

The defendants have severally filed pleas in abatement to the writ and declaration for the non-joinder of others, alleged to have been stockholders with themselves in the corporation. To these pleas the plaintiff has demurred.

It would be a good answer to these pleas that the persons named in them as fellow stockholders with the defendants had severally paid, in addition to the par value of their shares paid up in full, towards the debts and obligations of the corporation, an amount equal to the par value of their shares; that being the limit of liability prescribed by § 13. The pleas do not negative such payment. We think, therefore, as contended by the plaintiff, that the pleas are defective in this regard, since in pleas in abatement the pleader is required to anticipate and exclude all such supposable matter as would, if alleged on the opposite side, defeat his plea. *Capwell* v. *Sipe*, 17 R. I. 475. The pleas in abatement must, therefore, be overruled.

The defendants have also demurred to the declaration. The ground of demurrer is that the corporation is not made a defendant. The statute does not in terms require the corporation to be joined as a defendant, but it is contended that as the statute requires the action to be debt upon the judgment obtained against the corporation, the corporation as a party to that judgment must, necessarily, be joined in the suit; and it is also suggested, as an additional reason for joining the corporation, that it alone can know whether or not the judgment has been satisfied. We do not think the omission to join the corporation as a defendant, ground for demurrer. Presumably the plaintiff has by his former suit exhausted his remedies against the corporation or he would not be proceeding against the stockholders. And as the stockholders are entitled to inspect the books and papers of

the corporation they may thus obtain such knowledge in relation to the condition of the judgment as the corporation itself may possess.   We see no reason to suppose that the corporation was intended by the statute to be made a party to the suit.

The defendants also urge that the writ shows no cause of action.   A demurrer, however, does not extend to defects in the writ.   These can be taken advantage of only by plea in abatement.   Gould on Pleading, cap. 5, § 155.

The defendants also suggest that the declaration is bad because the judgment is stated only as inducement under a "whereas," and that a material fact such as the obtaining of the judgment, which is traversable, should be directly alleged.   Doubtless the criticism is well founded, but the defect is merely a defect of form and not of substance.   Formal defects can be taken advantage of only by special demurrer and not on a general demurrer like the present.

The defendants by their sixth pleas in bar have severally set up as a defence in respect of the alleged note of the Providence Press Company, for $3,000, dated December 5, 1883, that the plaintiff at the time of the commencement of the action against the Providence Press Company, to wit, March 18, 1890, was not a _bona fide_ holder for value of the note.   The plaintiff has demurred to these pleas.

The rule, as we understand it, is that the possession of a note regularly transferred to the plaintiff, as the declaration avers the note in question was, is _prima facie_ evidence of the ownership of it by the plaintiff, and that it is the holder for a valuable consideration.   Nor is the plaintiff required to give any other evidence of such facts until the defendant has shown that the note was never delivered by the maker, or that it was obtained from him by some undue means, as by fraud, theft, duress, or the like.   When proof to this effect has been offered, and not till then, it becomes incumbent on the plaintiff to show himself to be a _bona fide_ holder for a valuable consideration.   2 Parsons on Notes and Bills, 436, states the law as follows, viz.: "Any one in possession of a bill or note payable to bearer, or indorsed in blank, even if

he hold only as trustee or pledges, is *prima facie* the holder, and may sue until his right is disproved. And it is no defence to an action on such paper that the property of it is in another person and not in the plaintiff; and unless the possession of the latter is *mala fide*, and may work some prejudice to the defendant, the holder's title cannot be questioned." The authorities cited by the plaintiff amply support these positions. And see also *Bank of America* v. *Senior*, 11 R. I. 376; *Millard* v. *Barton*, 13 R. I. 601, 610; *Hazard* v. *Spencer*, 17 R. I. 561. The plea contains no averment to the effect that the Providence Press Company did not make and deliver the note in question, or that it was obtained from it by fraud, theft, duress, or other undue means, nor any other facts which would devolve upon the plaintiff the burden of proving that it is a *bona fide* holder of the note in question for value. We are of the opinion that the plea is, therefore, demurrable, and that the demurrer should be sustained.

*Arnold Green*, for plaintiff.

*James Tillinghast*, for defendants.